ChancelloR. Rutledge
delivered the decree of the Court.
• » • Complainants bill is for a discovery and account of tbe estate of J. Dickinson. They claim so much of the widow’s part of it, as she has not received from the administrator, by virtue of a deed of gift to complainant’s wife, dated 20th May, 1798. Defendant opposes the claim to discovery in his answer, files an account of money paid her, and concludes finally by pleading a release from the widow, Mrs. Dickinson, and a receipt for 730/. in full'for the widow’s proportion of the estate, dated 23d November, 1799.
The complainant’s wife was Mrs. D’s. favored niece. The deed was executed when she was in good health. It is stated to be in consideration of natural love and affection, and to the intent to vest the absolute property of the negroes and all the rest of her property in complainant’s wife at her death, and it was recorded in July, ’98, previous to complainant’s marriage. Complainant’s witness, Miss Conyers, deposed that she frequently visited Mrs. D. during her last illness, (she died in January, 1800,) and the night before her death, the complainant, Maine asked her if she would have the deed back ? She answered no ! If it was not a good one, he might have another made.
Dr. Stevens, the defendant’s witness, swore that when she executed the deed to defendant, she was in a destitute *192 situation, and very sick. That she executed the release immediately as it was presented ; the other paper two or ^ree days afterwards. That she was perfectly satisfied, took time to consider of it; & expressed her thanks to defendant, and Mrs. Shrewsbury for their attention. That when she executed the second paper, defendant promised to take care of her, that she should not want. That she was very sick when she signed the releasé and receipt, and there was no money paid when she signed the receipt for 7301. on 23d November,’99. It is necessary here to remark that defendant also claimed under a deed from Mrs. D. 22d October, ’99, the negroes mentioned in deed to complainant, and took possession of them on Mrs. D’s. death. Complainant brought an action against him, obtained a verdict, and has thereby established his claim at law to the negro es. The only question now is, whether that deed or the release and receipt are to prevail. On the part of defendant, it was argued that he was a purchaser for valuable considerations, without notice, and to prove it, a lease for life from him to Mrs. D. of a house which he swfears was purchased by him purposely for her accommodation, and her letters approving the house were produced. It is to be observed that this house was purchased in November, 1799, two or three months before her death, when she was extremely sick, and most probably with some of the money to which she was entitled from her husband’s estate. She however never occupied it, for she died before it was in a situation for her to go into. As a strong proof that he was not a purchaser for valuable consideration of Mrs. Dickinson’s. rights, and of the release and receipt, the lease specifies that it was made in consideration of 250/: it does not say by whom paid, but it could be by no other person than the lessee Mrs. D. The release states what has not been proved, that he had settled his account;- and it is in evidence that no money was paid by him when the receipt was given. If the defendant had proved himself a bona fide purchaser without notice, he must have *193 succeeded in his claim against complainant, whose deed was only a voluntary one, which though for a good consideration, such as natural love and affection, would not 7 7. have prevailed. But defendant not having paid any consideration for his release or receipt, or if he had paid or promised to pay any money, it being only out of what Mrs. D. was legally entitled to from her husband’s estate, he cannot be considered as a bona fide purchaser, nor can the release and the receipt be viewed in any other light than as voluntary acts; by no means however under as favorable circumstances as the deed to complainant’s wife, which was made when Mrs. D. was in sound'health, for afavo-rite niece, and in the cool moment of reflection. Whereas the release and receipt to defendant were obtained from her when she was extremely debilitated — almost at her last gasp, and not perfectly recollecting at the time, (as may reasonably be supposed) the deed she had formerly executed in favor of her niece, because the very day before her death (it is in evidence), she desired complainant Maine to have another deed drawn, if the former one was not sufficient. Upon a mature consideration of this case, the court are of opinion that defendant cannot in any point of view be considered as a purchaser for valuable consideration : but the release must stand purely on the footing of a voluntary deed. No money being paid when the receipt was signed, that must be laid aside.
Deed to complainant’s wife, and the release being considered as altogether voluntai-y, the established rule both at law and in equity must prevail, which is that where there are several voluntary deeds, the first is to talce place.
Complainants deed has already been established at law, and it was absolutely necessary for them to come here to obtain a discovery and account. It must therefore be referred to the master to state and settle the defendant’s accounts and ascertain the balance remaining in his hands, which was unpaid at Mrs. D’s. death. With respect to the Georgia Lands, by the law of. that state, if a person dies intestate, his widow is entitled to one third of his *194 whole real and personal estate. She, ho.wever, has a right to elect her dower if she thinks fit, and is nevertheless entitled to one third of his personal estate; as Mrs. D. did not make any election, complainants can only be entitled t0 one third of the money the land sold for.